UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| FRANK A. SOLTYSIAK and REBECCA L. SOLTYSIAK, | ) ) ) |
| Plaintiffs, | ) ) |
| vs. | ) No. 4:08CV252-DJS ) |
| JOHN O. KJAR and PATRICIA KJAR, | ) ) ) |
| Defendants. | ) ) |

### ORDER

Now before the Court is defendant Patricia Kjar's motion to dismiss plaintiffs Frank Soltysiak and Rebecca Soltysiak's amended complaint [Doc. #17]. This matter has been fully briefed and is ready for disposition.

**Standard of Review**

In considering a motion to dismiss a complaint for failure to state a claim, the Court must assume all the facts alleged in the complaint are true, and must liberally construe the complaint in the light most favorable to the plaintiff. <u>Schmedding v. Tnemec Co.</u>, 187 F.3d 862, 864 (8th Cir. 1999). A motion to dismiss should not be granted unless it appears, beyond a doubt, that the plaintiff can prove no set of facts which would allow relief. <u>Id.</u> Thus, as a practical matter, a dismissal for failure to state a claim should be granted only in a case in which a plaintiff includes allegations that show, on the face of the complaint, some insuperable bar to relief. <u>Id.</u>

**Facts**

The following facts are pled in plaintiffs' first amended complaint and are accepted as true for purposes of this motion. Plaintiff Frank Soltysiak and defendant John Kjar were the sole shareholders of Bono & Soltysiak, Inc., and Bono Soltysiak Enterprises, Inc. Bono & Soltysiak, Inc., and Bono Soltysiak Enterprises, Inc., owned real property located on Laclede Avenue, within the City of St. Louis (the "Laclede Street Property"). On or about January 18, 2006, Metro Properties, LLC, entered into a contract with Bono & Soltysiak, Inc., and Bono Soltysiak Enterprises, Inc., to buy the Laclede Street Property. Prior to closing, plaintiff Frank Soltysiak and defendant John Kjar agreed to divide equally the proceeds of the sale of the Laclede Street Property.

On April 10, 2006, defendant John Kjar signed closing papers for the sale of the Laclede Street Property. Under the terms of the closing statement, the sale price of the Laclede Street Property was $1,850,000.00. Defendant John Kjar received at the closing $1,105,029.64. Following the sale, defendant John Kjar paid plaintiffs $25,000.00, satisfied two car loans in favor of plaintiffs, and paid approximately $40,000.00 of the escrow account, for a collective approximate value of $100,000.00. Thereafter, defendant John Kjar refused and continues to refuse to pay plaintiffs approximately $452,514.50, the balance of their share of the net sale proceeds.

Plaintiffs bring three claims against defendants John Kjar and Patricia Kjar. Count I is a claim for breach of contract. Plaintiffs allege that defendant John Kjar agreed to pay plaintiff Frank Soltysiak an equal share of the net sale proceeds and, in consideration of that agreement, plaintiff Frank Soltysiak agreed to sell the Laclede Street Property. Plaintiffs further allege that plaintiff Frank Soltysiak has satisfied his obligations with regard to the parties' agreement, but that defendant John Kjar has not performed his obligation to pay the balance of plaintiff Frank Soltysiak's share of the proceeds from the sale of the Laclede Street Property.

Count II is a claim for money had and received. Plaintiffs allege that defendant John Kjar received $1,105,029.54 from the sale of the Laclede Street Property, that plaintiff Frank Soltysiak is entitled to half of the sale proceeds, and that defendants have not yet paid plaintiffs.

Finally, Count III is a claim for unjust enrichment. Plaintiffs allege that defendants obtained money that in equity and good conscience belong to plaintiffs, that defendants' acceptance and retention of this money is inequitable, and that plaintiffs are entitled to damages.

**Discussion**

Missouri law controls this diversity case. Under Missouri law, the elements that must be alleged in order for a party to assert a claim for breach of contract are: (1) the existence of an enforceable contract between the parties; (2)

mutual obligations arising under the terms of the contract; (3) one party's failure to perform the obligations imposed by the contract; and (4) the resulting damage to the other party. McClain v. Papka, 108 S.W.3d 48, 53 (Mo. App. 2003).

Further, under Missouri law, "in order for a plaintiff to make a submissible case for money had and received, he must establish the following elements: (1) that the defendant received or obtained possession of the plaintiff's money; (2) that the defendant thereby appreciated a benefit; and (3) that the defendant's acceptance and retention of the money was unjust." Ward v. Luck, 242 S.W.3d 473, 476 (Mo. App. 2008) (citation omitted). It is not necessary that defendants took or received money from plaintiffs "in order to justify a money had and received claim." Bueneman v. Zykan, 181 S.W.3d 105, 113 (Mo. App. 2005). Further, it is not necessary that the money was mistakenly or improperly paid to defendants. Rather, as an action for money had and received is one "levying tribute on equitable...doctrines," a money had and received action "lies where the defendant has received or obtained possession of the money of the plaintiff, which, in equity and good conscience, he ought to pay over to the plaintiff." Investors Title Co. v. Hammonds, 217 S.W.3d 288, 293-94 (Mo. 2007) (quotation omitted); see also id. at 296-97 (finding a case for money had and received sufficiently pled where (1) defendant "obtained money from [plaintiff] to which it was not entitled," (2) defendant "received and appreciated a benefit," and

(3) defendant's "acceptance and retention of the [money] was unjust").

With regard to plaintiffs' breach of contract and money had and received claims, plaintiffs fail to allege sufficient facts against defendant Patricia Kjar. Rather, the allegations contained in Counts I and II focus on defendant John Kjar's actions, and it appears that plaintiffs' breach of contract and money had and received claims have been asserted against defendant Patricia Kjar because she is married to defendant John Kjar. Plaintiffs may not impute liability for wrongdoing to defendant Patricia Kjar on the alleged actions of her husband merely by virtue of their marital relationship. See Singleton v. Cecil, 155 F.3d 983, 987 (8th Cir. 1998) ("In this country, guilt is individual. We do not, as a general rule, punish A for the sins of B. Nor does the law today generally impute the actions of one spouse to another, or the actions of an adult child to the parent."). Plaintiffs have failed to allege sufficiently the elements of breach of contract and money had and received claims against Patricia Kjar. Accordingly, the Court will grant defendant Patricia Kjar's motion to dismiss with regard to Counts I and II.

Plaintiffs also assert a claim for unjust enrichment against defendant Patricia Kjar. To state a claim for unjust enrichment, a plaintiff must allege "a benefit conferred by a plaintiff on a defendant; the defendant's appreciation of the fact of the benefit; and the acceptance and retention of the benefit by the defendant in circumstances that would render that retention

inequitable." Howard v. Turnbull, 258 S.W.3d 73, 76 (Mo. App. 2008) (quotation omitted).

> The third element, unjust retention of the benefit, is considered the most significant and the most difficult of the elements. Mere receipt of benefits is not enough, absent a showing that it would be unjust for the defendant to retain the benefit. The fact that a party knew of the work, acquiesced in its performance and voiced no disapproval of the work does not in itself make the party liable.

Miller v. Horn, 254 S.W.3d 920, 924 (Mo. App. 2008) (citations omitted). To hold the spouse of an individual with a business interest liable under a theory of unjust enrichment, "there must be evidence of agency, or of ratification, by the spouse. Ratification can occur when a spouse confirms or adopts an agreement with knowledge of its contents." Id.

In this case, plaintiffs allege that both defendants John Kjar and Patricia Kjar recognized a benefit, that the money they retained in equity and good conscience belong to plaintiffs, and that defendants' retention of this monetary benefit is inequitable. However, the basis for the unjust enrichment claim derives solely from the acts and business interests of defendant John Kjar, and there are no allegations that defendant Patricia Kjar is an agent of defendant John Kjar, or that she ratified defendant John Kjar's actions. Accordingly, plaintiffs fail to state a claim for unjust enrichment against defendant Patricia Kjar, and the Court will grant defendant Patricia Kjar's motion to dismiss.

For the above stated reasons,

**IT IS HEREBY ORDERED** that defendant Patricia Kjar's motion to dismiss [Doc. #17] is granted.

Dated this   4th   day of March, 2009.

>                             /s/Donald J. Stohr
>                             UNITED STATES DISTRICT JUDGE